UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JEAN A. MONTGOMERY, ) | |
| ) | |
| Plaintiff, ) | CASE NO. 15-cv-10840 |
| v. ) | |
| ) | Hon. Robert M. Dow, Jr. |
| NATIONAL ASSOCIATION OF ) | |
| POSTAL SUPERVISORS and ) | |
| SCIALLA ASSOCIATES, INC. ) | |
| ) | |
| Defendants. ) | |

**NATIONAL ASSOCIATION OF POSTAL SUPERVISORS AND
SCIALLA ASSOCIATES, INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS**

Plaintiff Jean Montgomery ("Plaintiff" or "Ms. Montgomery") has failed to state a claim against either of the Defendants. And there is nothing in her Response Brief that suggests her Complaint should survive Defendants' Motion to Dismiss. In fact, many of the attachments to the Response Brief support *Defendants*' assertions that Ms. Montgomery does not and cannot state a claim. For the reasons laid out below and for the reasons stated in Defendants' Motion to Dismiss and accompanying memorandum, the Complaint must be dismissed with prejudice.

**I.   PLAINTIFF CANNOT STATE A CLAIM UNDER 42 U.S.C. §§ 1983, 1985 AND/OR 1986**

   **A.   Plaintiff Has Not and Cannot State a Claim Under Section 1983**

Ms. Montgomery has not stated a claim under Section 1983. Nor can she. As Defendants demonstrated in their Motion to Dismiss, they are private parties. (Mot. to Dismiss at 2-3, 6.) And private parties engaged in private action cannot be liable under Section 1983. *Wade v. Byles*, 83 F.3d 902, 905 (7th Cir. 1996) ("the state *must somehow be responsible* for the allegedly unlawful actions taken by the private party.") (emphasis added). NAPS and Scialla are private

parties and the state was not responsible for any of the actions they took with respect to Ms. Montgomery. She has failed to allege or argue otherwise. (*See, generally*, Compl. and Resp. Br.)

The only case Ms. Montgomery cites regarding private parties, *Lebron v. Nat'l RR. Passenger Corp*, is inapplicable here. In *Lebron*, the Court found that Amtrak was a "part of the Government for purposes of the First Amendment" because "the Government create[d] Amtrak by special law, for the furtherance of governmental objectives, and retain[ed] for itself permanent authority to appoint a majority of the directors of [Amtrak]." 513 U.S. 374, 400 (1995). In other words, Plaintiff would have to allege that NAPS or Scialla were created by the government, for the furtherance of governmental objectives, and were controlled by the government, in order to allege that Defendants were a part of the government. Plaintiff has alleged nothing of the sort.

Nor could she. NAPS is a non-profit organization with voluntary membership. Scialla Associates is a privately owned commercial entity. And Ms. Montgomery has failed to allege otherwise.

Additionally, in order for a plaintiff to state a Section 1983 claim, there must be an underlying constitutional violation. *Peterson v. Meris*, No. 09 C 50120, 2011 WL 3203675, at *4 (N.D. Ill. July 27, 2011) (a Section 1983 claim requires an "underlying constitutional violation."). The "right to an attorney", the only "right" that Plaintiff asserts Defendants have violated, is not constitutionally protected in civil matters. *Whaley v. Erickson*, 339 F. App'x 619, 623 (7th Cir. 2009). (*See* Resp. Br. at 1.) Therefore, Plaintiff's Section 1983 claim must be dismissed.

### B. Plaintiff Does Not State a Claim Under Section 1985 or Section 1986

Additionally, Ms. Montgomery has failed to state a claim under Section 1985 and Section 1986. Defendants have demonstrated, and Ms. Montgomery has failed to refute, that she has not

alleged that Defendants were driven by racial animus. Failure to allege racial animus is fatal to a purported Section 1985 claim. *See Parker v. Chicago Hous. Auth.*, 730 F. Supp. 115, 120 (N.D. Ill. 1989) (holding that in order to state a claim under Section 1985(3), "there must be some racial or other class-based invidious discriminatory animus behind the conspirators' actions.")

Plaintiff also has failed to allege a conspiracy with the necessary specificity. She suggests (without any support) that NAPS and Scialla "retaliated" against her, but that is the extent of her "conspiracy" allegations. (Resp. Br. at 6.) In order to state a conspiracy claim, a plaintiff must allege "with some particularity facts sufficient to show an agreement between the parties to inflict the alleged wrong." *Washington v. Vill. of Riverside, Illinois*, No. 01 C 7438, 2003 WL 1193347, at *7 (N.D. Ill. Mar. 13, 2003). Instead of alleging any conspiratorial agreement between the parties, Ms. Montgomery makes vague, sweeping statements about "reprisals and retaliations." (Resp. Br. at 6.) These allegations are insufficient. Ms. Montgomery has, therefore, failed to state a claim under Section 1985. Furthermore, she has not stated a Section 1986 claim because a plaintiff cannot state a Section 1986 claim without stating a Section 1985 claim.

## II.   PLAINTIFF'S SECTION 1983, 1985, AND 1986 CLAIMS ARE BARRED BY THE STATUTE OF LIMITATIONS

The statute of limitations bars all of Plaintiff's claims. Plaintiff argues that she was terminated from the Postal Service on January 9, 2014. (Resp. Br. at 1.) She suggests that that is date on which the statute of limitations began to run. To support this assertion, she attached a letter, dated January 9, 2014, which discusses her Postal Service benefits. (Resp. Br. at 1 and Ex. 6 thereto.) That letter did not terminate Ms. Montgomery's employment. (*See* Resp. Br. Ex. 6.) Just because she argues that the letter is a termination letter does not make it true. Instead, her Complaint demonstrates that she was terminated by the United States Postal Service on September 8, 2012, and that her MSPB hearing took place on January 16, 2013. (Compl. at 2 and

3

Ex. 3 thereto, stating that Ms. Montgomery's termination date was September 8, 2012; *see also* Ex. B to Def.'s Mot. to Dismiss at 1.) That is the date (January 16, 2013) when she alleges Defendants failed to provide her with an attorney, which, she states, allegedly harmed her. (*Id.*) Thus, the statute of limitations ran on Plaintiff's Section 1983 and 1985 claims on January 16, 2015 (almost a full year before she filed her Complaint in December 2015) and on Plaintiff's Section 1986 claim a year before that, on January 16, 2014. *See Smith v. Nat'l Health Care Servs. of Peoria*, 934 F.2d 95, 96 (7th Cir. 1991) (2 year statute of limitations applies to Section 1983 claims); *see also Bass v. Sampson*, No. 93 C 4442, 1994 WL 323342, at *3 (N.D. Ill. June 27, 1994), *on reconsideration*, No. 93 C 4442, 1995 WL 22711 (N.D. Ill. Jan. 13, 1995) (2 year statute of limitations applies to Section 1985 claims); 42 U.S.C. § 1986 (1 year statute of limitations on Section 1986 claims). Thus, even if Plaintiff had stated or could state a claim under the Civil Rights Act, she has not and cannot cure her failure to file her Complaint within the applicable statutes of limitations. Thus, her Complaint must be dismissed.

### III. PLAINTIFF HAS NOT STATED AND CANNOT STATE A CLAIM UNDER 29 U.S.C. § 159(a)

Ms. Montgomery says nothing in response to Defendants' arguments about the inapplicability of 29 U.S.C. § 159(a). Thus, because plaintiffs have six months from an alleged breach under § 159(a) to bring a claim thereunder, Plaintiff filed her Complaint at least two-and-a-half years too late. *DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 103 S. Ct. 2281 (1983). Further, because NAPS is not a labor organization[1], it is not governed by 29 U.S.C. § 159(a). Ms. Montgomery should not be permitted to attempt to state a claim under 29 U.S.C. § 159(a).

---

[1] *See* Complaint Ex. 1 to Ex. A, NAPS History and Mission: http://naps.org/index.php/our_association/history_mission/ (stating that NAPS is a management association) (last visited May 27, 2016).

## IV. PLAINTIFF HAS NOT STATED AND CANNOT STATE A BREACH OF CONTRACT CLAIM AGAINST DEFENDANTS

As this Court acknowledged, Plaintiff has not stated a breach of contract claim. (Dkt. 8 at 4.) Plaintiff's own arguments and the attachments to her Response Brief demonstrate that she will never be able to allege a claim for breach of contract.

Ms. Montgomery seems to misunderstand a number of facts about her representation by Scialla Associates. First, she seems to believe that Scialla would provide her with an attorney to represent her, even though the documents she attaches to her Response Brief refute that belief. Second, she seems to believe that Scialla himself would be her representative, but, again, the documents attached to her Complaint and the Motion to Dismiss state otherwise.[2] Third, Ms. Montgomery seems to believe that her (false) statement about a conversation she had with Louis Atkins, in which he allegedly told her NAPS would provide her a lawyer, somehow forms the basis for a breach of contract claim. That is incorrect. Ms. Montgomery, therefore, does not and cannot state a claim for breach of contract.

No one ever promised Ms. Montgomery that a lawyer would represent her before the MSPB. Pursuant to the terms governing the NAPS Defense Disciplinary Fund, Scialla Associates provides representatives for NAPS members with personnel appeals before the MSPB. (*See* Ex. 1 to Ex. A to Def.'s Mot. to Dismiss, DDF Quick Reference Guide.) Those representatives are not necessarily attorneys, nor does the MSPB require appellants before it to be represented by attorneys.[3] Pursuant to the NAPS Handbook, a portion of which Ms.

---

[2] Ms. Montgomery also seems to believe that Charles Scialla is an attorney and somehow, Scialla Associates' performance of the contract breached the ABA Code of Professional Conduct. This is incorrect. Scialla is not and never has been an attorney, and is not subject to the Rules of Professional Conduct governing lawyers. Even if he were, the allegations Ms. Montgomery puts forth do not constitute a breach of those Rules. Nor do the rules themselves provide a basis for a cause of action.

[3] *See* Ex. A hereto, an excerpt from the MSPB website entitled "How to File an Appeal": http://www.mspb.gov/appeals/appeals.htm ("An appellant may choose any person, who is willing and

5

Montgomery attaches to her Response Brief, "Scialla Associates will furnish legal representation at [the] MSPB." (Resp. Br. Ex. 7, NAPS Mediation Handbook section, entitled "Decision Letter.") *Legal* representation does not mean "representation by an attorney." And, as Defendants demonstrate in their Motion to Dismiss, NAPS members are not entitled to an attorney under the Disciplinary Defense Fund. (*See* Ex. 1 to Ex. A to Def.'s Mot. to Dismiss, DDF Quick Reference Guide ("DDF provides a representative from Scialla Associates only. *The representative provided may not be an attorney*."))

The Mediation Handbook also refutes Ms. Montgomery's belief that Scialla himself would represent her. She seems to misunderstand that when an organization provides legal representation, it is not promising that a specific person will be her representative. The Mediation Handbook says that "Scialla *Associates*," an organization, not Charles Scialla, will furnish her with legal representation. (Resp. Br. Ex. 7, NAPS Mediation Handbook section, entitled "Decision Letter.") Thus, Plaintiff is mistaken that Charles Scialla himself was obliged to represent her. As the attachments to Plaintiff's Response Brief demonstrate, Scialla Associates *did* provide her with legal representation. William Simpson signed the "Designation of Representative" form with the MSPB on behalf of Scialla Associates, Inc., and he also listed his affiliation with Scialla Associates during discovery proceedings. (Resp. Br. Ex. 1(b), (c).) Ms. Montgomery received what she was entitled to – a representative from Scialla Associates. And, as the Mediation Handbook demonstrates, it was Ms. Montgomery's decision to choose to accept Scialla Associates as her representative. (Resp. Br. Ex. 7, NAPS Mediation Handbook section, entitled "Decision Letter" stating that "[a] member can always file his/her own appeal or find a representative of his/her own.")

---

available to serve, as his or her representative before the Board, or may choose to represent him or her self [*sic*].") (last visited June 30, 2016).

Ms. Montgomery also asserts that Louis Atkins promised her an attorney. However, though she (falsely) claims that Louis Atkins stated that NAPS always provides an attorney to NAPS members who appear before the MSPB, the fact that she fails to state *when* he allegedly made that statement is fatal to her Complaint. (Resp. Br. at 1.) Because she has not alleged that Mr. Atkins made that statement before Scialla Associates represented her in January 2013, that alleged statement cannot form the basis of a breach of contract claim against either of the Defendants. Ms. Montgomery, therefore, has not stated and cannot state a claim for breach of contract, and she should not be given the opportunity to attempt to do so.

WHEREFORE, Defendants National Association of Postal Supervisors and Scialla Associates, Inc. respectfully request that this Court dismiss Plaintiff's Complaint with prejudice and grant all other appropriate relief.

Dated:  July 1, 2016                             Respectfully submitted,

/s/Teresa A. Sullivan
One of the attorneys for Defendants

Robert J. Palmersheim
Teresa A. Sullivan
HONIGMAN MILLER SCHWARTZ AND COHN LLP
One South Wacker Drive, 28th Floor
Chicago, Illinois 60606
Telephone:  312.701.9300
Fax:  312.701.9335
E-mail:   rpalmersheim@honigman.com
              tsullivan@honigman.com

21980833.1

## CERTIFICATE OF SERVICE

I, Teresa A. Sullivan, an attorney, hereby certify and state that I caused a copy of the foregoing **National Association of Postal Supervisors and Scialla Associates Inc.'s Reply in Support of Motion to Dismiss** to be sent by First Class, postage prepaid, U.S. mail on this 1st day of July, 2016 to the following:

Jean Montgomery
426 S. Austin
Oak Park, IL 60304


/s/ Teresa A. Sullivan
Teresa A. Sullivan