# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JEAN A. MONTGOMERY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 15-cv-10840 |
| v. ) | |
| ) | Judge Robert M. Dow, Jr. |
| SCIALLA ASSOCIATES, INC. and ) | |
| NATIONAL ASSOCIATION OF ) | |
| POSTAL SUPERVISORS, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Jean A. Montgomery ("Plaintiff") brings suit against Defendants Scialla Associates, Inc. ("Scialla") and the National Association of Postal Supervisors ("NAPS") under 42 U.S.C. §§ 1983, 1985, and 1986 to redress Defendants' alleged denial of fair representation to Plaintiff at a January 16, 2013 hearing before the Merit Systems Protection Board ("MSPB"). Before the Court are Defendants' motion to dismiss for failure to state a claim [21] and Plaintiff's motion for leave to file an amended complaint [35]. For the reasons that follow, the Court grants Defendants' motion to dismiss Plaintiff's original complaint [21] and grants in part Plaintiff's motion to file an amended complaint [35]. Plaintiff shall have until January 9, 2017 to file an amended complaint for state-law breach of contract only, to the extent that Plaintiff can do so consistent with this opinion. In her amended complaint, Plaintiff must allege a basis for this Court to exercise diversity jurisdiction over Defendants, or the case will be dismissed for lack of subject matter jurisdiction. Plaintiff should also identify: (a) the parties to each alleged contract; (b) whether the contract was oral or written; (c) when the contract was made; (d) the relevant terms of the contract; (e) how the contract was breached; and (f) how Plaintiff was

damaged as a result of the breach. Finally, as a housekeeping matter, document [25] is improperly labeled as a motion, when it is in fact a response to Defendants' motion to dismiss. Therefore, document [25] should be terminated as a motion.

I.    Background

On December 2, 2015, Plaintiff Jean A. Montgomery brought suit against Scialla and NAPS under 42 U.S.C. §§ 1983, 1985, and 1986 to redress Defendants' alleged denial of fair representation to Plaintiff at a January 16, 2013 hearing before the MSPB. Plaintiff also filed an application for leave to proceed *in forma pauperis* [4].

Plaintiff's complaint makes the following allegations, which the Court assumes to be true for purposes of this order: Plaintiff was a long-term employee of the U.S. Postal Service. Beginning in 2009, she began notifying Postal Service officials and the Office of the Inspector General about improprieties by "postal leaders," including fraud, improper hiring, abuse of authority, and misuse of NAPS funds. [1] at 2. On November 15, 2011, Plaintiff was removed from the Postal Service without justification. Plaintiff appealed her removal to the MSPB. NAPS provided William Simpson ("Simpson"), an employee of Scialla, to represent Plaintiff at a January 16, 2013 hearing before the MSPB. Simpson is not an attorney. Simpson examined and cross-examined witnesses at the hearing. The ALJ, the MSPB, NAPS' executive officials, and the "Appellate Board" were notified that Simpson was examining witnesses in an MSPB hearing without bar certification. [1] at 2. Based on these allegations, Plaintiff asserts that she was "denied fair representation from [Scialla] who provided an individual who * * * was not an attorney to represent her in the Federal MSPB Court." *Id.* at 1.

Plaintiff brings claims against Defendants under 42 U.S.C. §§ 1983, 1985, and 1986. She requests the following relief: (1) payment to Plaintiff of all funds she paid to NAPS from 1982

2

to January 9, 2014; (2) an order requiring an outside, independent audit of NAPS Branch 14 of "all individuals who abused and misused membership funds" since 2009 and punishment of these individuals "to the highest penalty provided by the law"; (3) an order requiring the Justice Department to investigate the "long standing wrong doing in the Chicago Postal Service and NAPS Branch 14 membership funds"; and (4) an order requiring Plaintiff to be "paid for all time lost for wages and benefits from November 11, 2011." [1] at 2.

On January 4, 2016, the Court ordered Plaintiff to show cause why the complaint should not be dismissed for failure to state a claim and why the § 1983 and § 1985 claims should not be dismissed as untimely under the applicable two-year statute of limitations. See *Manley v. City of Chicago*, 236 F.3d 392, 395 (7th Cir. 2001). Plaintiff responded to the order to show cause on February 2, 2016 [7]. Her response contains the following additional factual allegations, which the Court assumes to be true for purposes of this order: Plaintiff requested that NAPS provide an attorney to represent her before the MSPB. [7] at 3. "Written documents show that Scialla, the postal supervisor's lawyer, agreed to be appellant representative." *Id*. Scialla had a fiduciary duty to Plaintiff and obligations to her under the American Bar Association rules of professional conduct. *Id.* Scialla provided Simpson to represent Plaintiff. Simpson told Plaintiff that he was an attorney from the Scialla law firm. *Id.* at 3. Plaintiff did not sign an agreement accepting Simpson as her attorney or representative. *Id.* at 2.

Simpson represented Plaintiff at a hearing before the MSPB administrative law judge ("AJ"), who found that Plaintiff's termination was justified. Plaintiff had "substantiated proof of retaliation and reprisal for violation of a protected class [and] violation of the whistleblower's protection act." [7] at 1. However, Simpson told Plaintiff that "it was not necessary to call witnesses or submit any documents" at the hearing because "he and the AJ had decided the case

3

would be resolved by moving Wilkins[1] and [Plaintiff] to different offices." [7] at 3. The documents that Simpson decided not to submit to the AJ "presented overwhelming evidence the agency had falsified perjuries, planted evidence, withheld evidence and targeted [Plaintiff]." *Id.* at 2. They also contained evidence that the Post Office's key witness against her withdrew his previous statement on November 22, 2011 and shortly after was no longer employed by the Post Office. *Id.* at 4.

Plaintiff appealed to the full MSPB Board and tried to submit these documents into the record. See [7] at 3. The Board rejected the documents, "stating, in part, it appears [that the documents were] available before the record closed." *Id.* at 4. Additionally, Plaintiff told the MSPB that "an imposter was performing in a court room without certification as an attorney." *Id.* at 2. The MSPB responded that "Simpson had significan[t] experience in litigation." *Id.*

At some point (it is not clear whether this was before or after Simpson represented Plaintiff before the AJ), Plaintiff contacted Lewis Atkins, the National President of NAPS, about Simpson not being an attorney. [7] at 2. Atkins told Montgomery: "OH NO that is not true, we always provide lawyers for all of our due paying members at the MSPB board and we pay a one-time fee of $3700.00 to the ATTORNEY for MSPB board with additional funds if required and requested from the attorney." *Id.* Atkins did not know that Simpson was not an attorney. *Id.* at 3.

According to Plaintiff, these facts demonstrate that "NAPS executive[] officers conspired to interfere with her civil rights after she notified the Whistle Blower Protection Office of Inspectors General of NAPS executives wrongdoing," in violation of 42 U.S.C. § 1985. [7] at 3. Plaintiff asserts that "NAPS officials' executives were motivated to encourage [Plaintiff's] removal, providing surety that she was denied fair and equal representation, to the most serious

---

[1] It is not clear from the record who "Wilkins" is.

4

of adverse action—a Notice of Removal." *Id.* As to Scialla, Plaintiff alleges that "Scialla breach[ed] his written agreement to perform as [Plaintiff] demand[ed]" and violated his fiduciary and ethical duties. *Id.* at 1. Plaintiff alleges that her claims against Defendants accrued on January 9, 2014, when she was unjustifiably removed from the Postal Service. *Id.* at 2.

Based on Plaintiff's additional allegations, the Court ordered Defendants to respond to Plaintiff's complaint. Currently before the Court are Defendants' motion to dismiss the complaint for failure to state a claim and Plaintiff's motion for leave to file an amended complaint. Plaintiff filed multiple responses to Defendants' motion, see [25], [27], [28], [30], [32], [33], [34], without proper authorization from the Court. Nonetheless, because Plaintiff is proceeding pro se, the Court has reviewed and considered all of Plaintiff's responses in this order. To the extent that this case proceeds further, the Court cautions Plaintiff that she is entitled to file only one response to a motion, unless the Court grants her permission to file additional responses.

**II.     Motion to Dismiss**

    **A.     Legal Standard**

Defendants move to dismiss Plaintiff's complaint under Federal Rule of Civil Procedure 12(b)(6). "To survive a motion to dismiss under Rule 12(b)(6), plaintiff's complaint must allege facts which, when taken as true, 'plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level.'" *Cochran v. Illinois State Toll Highway Auth.*, 828 F.3d 597, 599 (7th Cir. 2016) (quoting *EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007)). The Court "accept[s] all well-pleaded facts as true and draw all reasonable inferences in plaintiff's favor." *Id.* at 600 (citing *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008)). The Court reads the complaint and assesses its plausibility as a whole. See

*Atkins v. City of Chicago*, 631 F.3d 823, 832 (7th Cir. 2011).

B.  **Analysis**

1.  **Section 1983**

Plaintiff alleges that Defendants are liable under Section 1983 because they failed to provide her with an attorney, violated professional rules of conduct governing attorneys, and violated her due process rights. Defendants argue that Plaintiff's Section 1983 claim should be dismissed because Plaintiff does not allege that Defendants are state actors and does not identify any constitutional rights that Defendants violated. The Court agrees that Plaintiff's pleadings are deficient and therefore will dismiss Plaintiff's Section 1983 claim.

"Suits under § 1983 are meant to deter state actors from using the 'color of state law' to deprive individuals of rights guaranteed by the Constitution." *Tom Beu Xiong v. Fischer*, 787 F.3d 389, 397 (7th Cir. 2015) (quoting *Fries v. Helsper,* 146 F.3d 452, 457 (7th Cir. 1998)). Thus, in order to state a claim for violation of § 1983, the complaint's allegations must indicate that: "(1) the party against whom the claim is brought qualifies as a 'person acting under the color of state law'; and (2) the conduct alleged amounted to a deprivation of rights, privileges, or immunities under the Constitution or the laws of the United States." *Id.* (quoting *Parratt v. Taylor,* 451 U.S. 527, 535 (1981)).

Plaintiff fails to allege facts supporting either of these essential elements. First, Section 1983 "does not protect individuals from purely private actors' conduct." *Collins v. Nw. Univ.*, 164 F. Supp. 3d 1071, 1076 (N.D. Ill. 2016). "Private actors, however, may become state actors in several ways, including when the state delegates a public function to a private entity or when the state 'effectively directs or controls the actions of the private party such that the state can be held responsible for the private party's decision.'" *Id.* (quoting *Johnson v. LaRabida Children's*

*Hosp.*, 372 F.3d 894, 896 (7th Cir. 2004)). The facts alleged here do not plausibly suggest that either Defendant is a state actor. Scialla is a private law firm and NAPS is a private, non-profit organization. Further, Plaintiff does not allege that either Defendant has been delegated a public function or that the state effectively directs or controls either Defendant's actions.

Plaintiff cites one case, *Lebron v. Nat'l R.R. Passenger Corp.*, 513 U.S. 374, 398-99 (1995), in support of her Section 1983 claim, but it is inapplicable under the facts alleged here. In *Lebron*, the Supreme Court held that a corporation (in that case, Amtrak) may be considered an "agency of government" for purposes of constitutional obligations of government when the state has specifically created the corporation for the furtherance of governmental objectives and controls the operation of the corporation through its appointees. Plaintiff does not allege that Scialla or NAPS was created by the government for the furtherance of governmental objectives or that the government appoints persons to control Scialla or NAPS.

Second, a Section 1983 claim "must fail without an underlying constitutional violation." *Akbar v. Calumet City*, 632 F. App'x 868, 873 (7th Cir. 2015). Here, Plaintiff has not identified any constitutional rights that Defendants have violated. Plaintiff alleges that she was denied the right to an attorney, see [28] at 2, but parties have no constitutional right to counsel in a civil case. *Jackson v. Kotter*, 541 F.3d 688, 700 (7th Cir. 2008). Plaintiff also alleges that Defendants violated certain rules of professional conduct, but such rules do not create constitutional rights that are enforceable through a Section 1983 suit. Finally, Plaintiff alleges that Defendants violated her right to due process under the Fifth and Fourteenth Amendments. [28] at 3. However, private actors like Defendants do not have a constitutional obligation to provide due process. The purpose of the due process clause is "to protect the people from the State, not to ensure that the State protect[s] them from each other." *DeShaney v. Winnebago Cty. Dep't of*

7

*Soc. Servs.*, 489 U.S. 189, 196 (1989); see also *Jackson v. Indian Prairie Sch. Dist. 204*, 653 F.3d 647, 654 (7th Cir. 2011) ("The Due Process Clause of the Fourteenth Amendment generally does not impose upon the state a duty to protect individuals from harm by private actors." (internal citation and quotation marks omitted)).

For these reasons, Plaintiff has failed to state a claim for violation of Section 1983 and that claim will be dismissed.

### 2. Sections 1985 and 1986

According to Plaintiff's response to the Court's order to show cause, Plaintiff is alleging a conspiracy claim against Defendants under Section 1985(3). Section 1986 provides a damages remedy for violations of Section 1985. See generally 42 U.S.C. §§ 1985(3), 1986. Defendants argue that the Section 1985 claim should be dismissed because Plaintiff has not alleged any race or class-based animus directed toward her by NAPS or Scialla and because Plaintiff has not alleged conspiracy with the necessary specificity. Defendants also argue that the Section 1986 claim should be dismissed because there can be no Section 1986 claim without a viable Section 1985 claim. The Court agrees that Plaintiff's pleadings are deficient and therefore will dismiss Plaintiff's Section 1985 and 1986 claims.

To state a claim for violation of Section 1985(3), a "plaintiff must allege and prove four elements: (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States." *United Bhd. of Carpenters & Joiners of Am., Local 610, AFL-CIO v. Scott*, 463 U.S. 825, 828–29 (1983). Like claims for violation of Section 1983, Section 1985 "[c]laims of

conspiracy require an underlying constitutional violation to be viable." *Moore v. City of Chicago*, 2016 WL 3958724, at *11 (N.D. Ill. June 21, 2016); see also *Smith v. Gomez*, 550 F.3d 613, 617 (7th Cir. 2008)); *Rebolar ex rel. Rebolar v. City of Chicago*, 897 F. Supp. 2d 723, 740 (N.D. Ill. 2012); *Rivas v. Levy*, 2015 WL 718271, at *6 (N.D. Ill. Feb. 18, 2015). Further, "Section 1985 prohibits conspiracies involving equal protection only where the conspiracy is based on race or is in some way class-based." *Fiskev. Wollin*, 2006 WL 2460580, at *4 (N.D. Ill. Aug. 21, 2006); see also *Grimes v. Smith*, 776 F.2d 1359, 1366 (7th Cir. 1985) (explaining that "the legislative history of § 1985(3) does not support extending the statute to include conspiracies other than those motivated by a racial, class-based animus against" African Americans and their supporters, and therefore does not reach nonracial political conspiracies).

In this case, Plaintiff alleges only that she was deprived of an attorney and that Scialla violated rules of professional conduct. See [28] at 2. As explained above, these allegations do not state a claim for a constitutional violation because nothing in the Constitution required Defendants to provide Plaintiff with an attorney or to follow professional rules of conduct. See *Jackson*, 541 F.3d at 700. Further, Plaintiff does not allege that NAPS or Scialla denied her equal protection under the laws due to race or class-based animus, as required to state a Section 1985 claim. See *Grimes*, 776 F.2d at 1366; *Senalan v. Curran*, 78 F. Supp. 3d 905, 914 (N.D. Ill. 2015). Since Plaintiff has not alleged a viable Section 1985 claim, her claim for damages under Section 1986 is not viable, either. *D'Amato v. Wisconsin Gas Co.*, 760 F.2d 1474, 1485 n.16 (7th Cir. 1985) (explaining that Section 1986 "is derivative of Section 1985, and without a violation of Section 1985, Section 1986 is not violated"). Therefore, the Court grants Plaintiff's motion to dismiss Plaintiff's Section 1985 and 1986 claims.

### 3. Failure to Represent Under 29 U.S.C. § 159(a)

In its February 23, 2016 screening order, the Court noted that the additional factual allegations contained in Plaintiff's response to the Court's order to show cause "suggest a potential (though likely untimely) claim against NAPS for violation of its duty of fair representation, 29 U.S.C. § 159(a)." [8] at 4; see also *Vaca v. Sipes*, 386 U.S. 171, 177, (1967); *Adamiec v. Gas Workers Union, Local 18007 Serv. Employees' Int'l Union, AFL-CIO*, 18 F. Supp. 2d 855, 860 (N.D. Ill. 1998).

Defendants argue in their motion to dismiss that Plaintiff has not alleged and cannot allege a claim for violation of 29 U.S.C. § 159(a), because NAPS is not a labor organization (*i.e.*, union) subject to this provision, but rather is a professional association. See [22-1] at 4 (citing http://naps.org/index.php/our_association/history_mission/ (last visited Dec. 5, 2016)). Defendants also argue that, even if Plaintiff could state a claim under 29 U.S.C. § 159(a), it would be barred by the six-month statute of limitations. [22] at 11 (citing *DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151 (1983)).

Plaintiff does not respond to Defendants' arguments concerning this potential claim. More generally, Plaintiff argues that her claims against Defendants did not accrue until January 9, 2014—rather than September 8, 2012 as argued by Defendants—because that is the date that she was unjustifiably removed from the Postal Service.

The Court concludes that Plaintiff cannot state a claim against Defendant for violation of 29 U.S.C. § 159(a) because the claim would be barred by the six-month limitations period for making charges of unfair labor practices to the National Labor Relations Board. See *DelCostello*, 462 U.S. at 169; 29 U.S.C. § 160(b). Plaintiff filed her complaint in this Court on December 2, 2015, which was nearly two years after the date that she alleges she was unlawfully

removed from the Postal Service (January 9, 2014). The Court finds it unnecessary to resolve whether NAPS is a labor organization and declines to do so because Defendants have not demonstrated that the Court has authority under governing Seventh Circuit precedent to take judicial notice of the contents of NAPS' website.

####    4.      State Law Breach of Contract

In its February 23, 2016 screening order, the Court also noted that the additional factual allegations contained in Plaintiff's response to the Court's order to show cause suggest a potential state-law breach of contract claim. Defendants argue that Plaintiff has not stated and cannot state a claim for breach of contract, because NAPS never promised any member an attorney representative. NAPS points out that its "quick reference guide," which is posted on its website, makes clear to members that representatives appointed to assist members at hearings before the MPSB may not be attorneys. See [22] at 12; [22-1] at 14.

The Court concludes that Plaintiff has failed to state a claim for breach of contract against either Defendant. A claim for breach of contract must "allege[] enough facts to put [a defendant] on fair notice of the 'contractual duty' it breached." *Peerless Network, Inc. v. MCI Commc'n Servs., Inc.*, 2015 WL 2455128, at *7 (N.D. Ill. May 21, 2015). Plaintiff's original complaint fails to allege sufficient facts to put either Defendant on notice of the basis of any claim for breach of contract. As to Scialla, Plaintiff alleges that Scialla "signed an agreement to be [Plaintiff's] representative" and then breached that contract, [25] at 1, but fails to attach the contract to her complaint or to identify: (1) the parties to the alleged contract(s); (2) when the contract was signed; (3) or the relevant terms of the contract. As to NAPS, Plaintiff alleges that NAPS' president Lewis Atkins told her that NAPS always provides lawyers for all dues-paying members, [7] at 2, but does not specifically allege that this formed a contract (either oral or

11

written) or identify when this conversation occurred. Therefore, the Court concludes that Plaintiff's complaint fails to provide either Defendant with fair notice of a breach of contract claim and therefore must be dismissed. As discussed in the next section, however, the Court will give Plaintiff one more opportunity to allege breach of contract claims against Defendants, if she is able to do so consistent with this opinion.

## III. Motion for Leave to File Amended Complaint

### A. Legal Standard

A motion for leave to file an amended complaint should "freely" be granted "where justice so requires." Fed. R. Civ. P. 15(a)(2). "This liberal policy of granting amendments is based in part on the belief that decisions on the merits should be made whenever possible, absent countervailing considerations." *Olech v. Vill. of Willowbrook*, 138 F. Supp. 2d 1036, 1040 (N.D. Ill. 2000) (citation omitted). Leave to amend should be freely given "'[i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, [or] futility of amendment.'" *Barry Aviation, Inc. v. Land O'Lakes Mun. Airport Comm'n*, 377 F.3d 682, 687 (7th Cir. 2004) (quoting *Foman v. Davis*, 371 U.S. 178 (1962)). Ultimately, "'[t]he decision to grant or deny a motion to file an amended pleading is a matter purely within the sound discretion of the district court.'" *Soltys v. Costello*, 520 F.3d 737, 743 (7th Cir. 2008) (quoting *Brunt v. Serv. Employees Int'l Union,* 284 F.3d 715, 720 (7th Cir. 2002)).

**B. Analysis**

The motion to amend does not clearly explain why Plaintiff wants to amend the complaint or how she believes that it will cure the deficiencies of the original complaint. None of Plaintiff's arguments or additional factual allegations convince the Court that Plaintiff can state a viable claim against either Defendant for violation of Sections 1983, 1985, or 1986, or her right to due process. Therefore, Plaintiff is not authorized to include any of those claims in an amended complaint.

Plaintiff will, however, be allowed to file an amended complaint alleging claims against Defendants for state-law breach of contract, if she is able to do so consistent with this opinion. Although Plaintiff's allegations are not clear, they suggest that (1) Plaintiff and Scialla may have had a written agreement to provide Plaintiff with an attorney at the MSPB hearing, and (2) NAPS president Lewis Atkins made an oral agreement to provide Plaintiff with an attorney at the MSPB hearing. The Court is not convinced that Plaintiff is precluded from pursuing breach of contract claims by the "quick reference guide" posted on NAPS' website. There is no evidence that the website was active at the time relevant to this complaint, that Plaintiff read the website, or that Defendants made no promises to Plaintiff that were inconsistent with NAPS' website. Further, Plaintiff asserts that she was never informed that the NAPS-provided representative would not be an attorney, and the Court must accept Plaintiff's version of events as true at this early stage of the case.

Plaintiff's amended complaint must allege facts that plausibly support the four elements of a breach of contract claim: "'(1) the existence of a valid and enforceable contract; (2) substantial performance by the plaintiff; (3) a breach by the defendant; and (4) resultant damages." *Angelopoulos v. Keystone Orthopedic Specialists, S.C.*, No. 12-CV-5836, 2016 WL

4945012, at *6 (N.D. Ill. Sept. 16, 2016) (internal citation and quotation marks omitted). In order to provide Defendants with fair notice of her breach of contract claim, Plaintiff should identify: (a) the parties to each alleged contract; (b) whether the contract was oral or written; (c) when the contract was made; (d) the specific relevant terms of the contract; (e) how the contract was breached; and (f) how Plaintiff was damaged as a result of the breach.

In addition, Plaintiff's amended complaint must allege facts sufficient to demonstrate that the Court has subject matter jurisdiction over Plaintiff's state-law claim(s) for breach of contract. The federal district courts are "courts of limited jurisdiction." *Healy v. Metro. Pier & Exposition Auth.*, 804 F.3d 836, 845 (7th Cir. 2015). They have original "federal question" jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. They also have "diversity" jurisdiction over all civil actions in which two requirements are met: First, there must be "complete diversity between all named plaintiffs and all named defendants"—meaning that no named plaintiff is from the same state as any named defendant—"and no defendant [may be] a citizen of the forum State." *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84 (2005); see also 28 U.S.C. § 1332(a). Second, the matter in controversy must "exceed[] the sum or value of $75,000, exclusive of interest and costs." *Id.*

In this case, the Court does not have federal question jurisdiction, because Plaintiff does not and cannot allege any viable federal claims against Defendants. The Court may have diversity jurisdiction over state-law breach of contract claims, but Plaintiff will need to allege additional facts in her amended complaint to show that diversity jurisdiction exists. First, Plaintiff must identify her citizenship and the citizenship of NAPS and Scialla. So far as the Court can tell from the pleadings filed thus far, Plaintiff is most likely a citizen of Illinois, NAPS is most likely a citizen of Virginia, and Scialla is most likely a citizen of New Jersey. Second,

Plaintiff must allege that the amount in controversy exceeds $75,000, which is required to bring an action in federal court based on diversity jurisdiction. See 28 U.S.C. § 1332(b). In a case where the plaintiff seeks money damages, "[t]he amount in controversy is 'whatever is required to satisfy the plaintiff's demand, in full, on the date the suit begins.'" *Fulcrum Fin. Advisors, Ltd. v. BCI Aircraft Leasing, Inc.*, 354 F. Supp. 2d 817, 824 (N.D. Ill. 2005). The plaintiff must make "a good faith claim in excess of $75,000.00 in order to create federal jurisdiction." *Id.* Plaintiff has not, thus far, put a value on her claims against Defendants. Plaintiff must include this information in her amended complaint if she decides to go forward with her case.

## IV. Conclusion

For the reasons explained above, the grants Defendants' motion to dismiss Plaintiff's original complaint [21] and grants in part Plaintiff's motion to file an amended complaint [35]. The gavel next to docket entry [25] should also be removed from the docket for this case.

Plaintiff shall have until January 9, 2017 to file an amended complaint for state-law breach of contract only, to the extent that Plaintiff can do so consistent with this opinion. In her amended complaint, Plaintiff must allege a basis for this Court to exercise diversity jurisdiction over Defendants, or the case will be dismissed for lack of subject matter jurisdiction. Plaintiff should also identify: (a) the parties to each alleged contract; (b) whether the contract was oral or written; (c) when the contract was made; (d) the relevant terms of the contract; (e) how the contract was breached; and (f) how Plaintiff was damaged as a result of the breach.

Dated: December 7, 2016

Robert M. Dow, Jr.
United States District Judge