# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JEAN A. MONTGOMERY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 15-cv-10840 |
| v. ) | |
| ) | Judge Robert M. Dow, Jr. |
| CHARLES SCIALLA, WILLIAM ) | |
| SIMPSON, SCIALLA ASSOCIATES, ) | |
| INC. and NATIONAL ASSOCIATION ) | |
| OF POSTAL SUPERVISORS, ) | |
| ) | |
| Defendants. | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Jean A. Montgomery, a former postal service supervisor, brings suit against Defendants Charles Scialla, William Simpson, Scialla Associates, Inc. ("Scialla Associates"), and the National Association of Postal Supervisors ("NAPS") to redress Defendants' alleged violation of a contract (or contracts) to provide legal representation to Plaintiff in her appeal before the Merit Systems Protection Board ("MSPB"). Before the Court is Defendants' motion to dismiss for failure to state a claim [57]. Because the Court has detected flaws in Plaintiff's pleading of jurisdictional facts, it denies Defendants' motion [57] without prejudice. Plaintiff shall have until September 27, 2017 to file a third amended complaint that contains sufficient jurisdictional allegations. Plaintiff is given leave to file a motion for jurisdictional discovery, if she believes that such a motion is necessary to enable her to file a third amended complaint correcting the errors identified herein.

**I.     Background**

Plaintiff Jean A. Montgomery was a long-term employee of the U.S. Postal Service, eventually reaching the rank of customer service manager at the Englewood neighborhood post

office in Chicago, Illinois. See [47] at ¶ 4. On April 2, 2012, Plaintiff was served with a Notice of Proposed Removal from the Postal Service based on charges of Failure to Report an Accident and Failure to Perform Assigned Duties, and she was ultimately removed. *Id.* at ¶ 27. Plaintiff challenged her removal before the MSPB, and, by way of her membership in NAPS, Plaintiff was represented in a hearing before that body by William Simpson of Scialla Associates. *Id.* ¶¶ 6, 36. Plaintiff alleges that Charles Scialla, the president of Scialla Associates, also filed documents on her behalf in the MSPB proceeding. *Id.* ¶¶ 5, 51, 53. According to Plaintiff, neither Simpson nor Scialla is an attorney. *Id.* at ¶ 45. In February 2013, an administrative judge upheld Plaintiff's termination as lawful. Proceeding *pro se*, Plaintiff requested that the full MSPB review the administrative judge's decision; the MSPB upheld the decision in October 2013. See *Montgomery v. Donahoe*, 602 F. App'x 638, 640 (7th Cir. 2015). The MSPB's decision was affirmed by the United States Court of Appeals for the Federal Circuit. See *Montgomery v. U.S. Postal Serv.*, 566 F. App'x 968 (Fed. Cir. 2014) (per curiam), *cert. denied*, 135 S. Ct. 426 (2014), *reh'g denied*, 135 S. Ct. 777 (2014).[1]

On December 2, 2015, Plaintiff brought suit against NAPS and Scialla Associates under 42 U.S.C. §§ 1983, 1985, and 1986 to redress Defendants' alleged denial of fair representation to Plaintiff at a January 16, 2013 hearing before the MSPB. [1]. NAPS and Scialla Associates eventually moved to dismiss [21], and the Court granted the motion on December 7, 2016. [46].

---

[1] In addition to her direct appeal to the Federal Circuit, Plaintiff has filed numerous other lawsuits and appeals concerning the merits of her termination (and also concerning the judges who rendered decisions in these cases): *Montgomery v. Donahoe*, No. 13-cv-7137, 2014 WL 11395173 (N.D. Ill. July 11, 2014) (Zagel, J.), *aff'd*, 602 F. App'x 638 (7th Cir. 2015), *reh'g denied* (Apr. 2, 2015), *cert. denied sub nom. Montgomery v. Brennan*, 135 S. Ct. 2909 (2015), *reh'g denied*, 136 S. Ct. 23 (2015); *Montgomery v. Brennan*, No. 15-cv-4635, Docket Entry [21] (N.D. Ill. Sept. 21, 2015) (Zagel, J.), *aff'd*, No. 15-3567 (7th Cir. Jan. 26, 2016); *Montgomery v. Brennan*, No. 16-cv-533, 2017 WL 951352 (N.D. Ill. March 8, 2017) (Pallmeyer, J.); see also *Montgomery v. Wood*, 15-cv-6604, Docket Entry [6] (N.D. Ill. Aug. 27, 2015) (Bucklo, J.), *aff'd*, No. 15-3098 (7th Cir. March 4, 2016), *cert. denied*, 137 S. Ct. 71 (2016); *Montgomery v. Manrose*, No. 15-cv-11083, Docket Entry [5] (N.D. Ill. Dec. 15, 2015) (Gottschall, J.), *aff'd*, No. 16-1041 (7th Cir. July 13, 2016).

In doing so, the Court granted Plaintiff leave to file an amended complaint with the following instructions:

> Plaintiff shall have until January 9, 2017 to file an amended complaint for state-law breach of contract only, to the extent that Plaintiff can do so consistent with this opinion. In her amended complaint, Plaintiff must allege a basis for this Court to exercise diversity jurisdiction over Defendants, or the case will be dismissed for lack of subject matter jurisdiction. Plaintiff should also identify: (a) the parties to each alleged contract; (b) whether the contract was oral or written; (c) when the contract was made; (d) the relevant terms of the contract; (e) how the contract was breached; and (f) how Plaintiff was damaged as a result of the breach.

See [46] at 1–2. Plaintiff filed a "second amended complaint" by the deadline imposed by the Court [47], adding two new defendants in the process: Charles Scialla and William Simpson. In brief, the second amended complaint alleges that Defendants breached a contract (or contracts, the complaint is not clear) to provide Plaintiff with "legal representation" before the MSPB. Defendants again have moved to dismiss, arguing that Plaintiff's second amended complaint fails to adequately allege a breach of contract by any Defendant. See [57], [59].

## II. Discussion

The Court has already explained to Plaintiff that federal district courts are "courts of limited jurisdiction." *Healy v. Metro. Pier & Exposition Auth.*, 804 F.3d 836, 845 (7th Cir. 2015). They have original "federal question" jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. They also have "diversity" jurisdiction over all civil actions in which two requirements are met. First, there must be complete diversity of citizenship between all named plaintiffs and all named defendants. See 28 U.S.C. § 1332(a); *Howell v. Tribune Entertainment Co.*, 106 F.3d 215, 217 (7th Cir. 1997) (complete diversity of citizenship means that "none of the parties on either side of the litigation may be a citizen of the state of which a party on the other side is a citizen") (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806)). The second requirement is

that the matter in controversy must "exceed[] the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a).

The Seventh Circuit requires "scrupulous adherence to the limitations on the subject-matter jurisdiction of the federal courts." *Meyerson v. Harrah's E. Chi. Casino*, 299 F.3d 616, 617 (7th Cir. 2002) (per curiam). In other words, "jurisdiction is a threshold requirement that must be satisfied before a court can pass judgments on the merits." *Rawlins v. Select Specialty Hosp. of Nw. Indiana, Inc.*, 2014 WL 1647182, at *2 (N.D. Ill. Apr. 23, 2014) (citations omitted); see also *Smith v. Am. Gen. Life & Accident Ins. Co.*, 337 F.3d 888, 892 (7th Cir. 2003) (the court has an independent obligation to satisfy itself that federal subject matter jurisdiction exits before proceeding to the merits even where the parties have not questioned the existence of jurisdiction). In a case filed in federal court, the plaintiff—as the proponent of federal subject matter jurisdiction—has the burden to prove its existence. See *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 540 (7th Cir. 2006) (citing *McNutt v. General Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 189 (1936)); *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 447–48 (7th Cir. 2005).

Plaintiff's second amended complaint relies on diversity of citizenship for federal jurisdiction. Regarding the parties to the action, the second amended complaint contains the following allegations:

- At all times herein mentioned, Plaintiff Jean Montgomery * * * was a resident of Cook County, Illinois, and was employed by the United States Postal Service in the State of Illinois for almost 45 years, and was last employed as the Manager of Customer Service at the Englewood Post Office when she was terminated.

- At all times herein mentioned, Defendant Charles Scialla * * * was a resident of Fairfield, New Jersey, and is the president of Defendant Scialla Associates, Inc.

- At all times herein mentioned, Defendant William Simpson * * * was a resident of Philadelphia, Pennsylvania, and is an employee of Defendant Scialla Associates, Inc.

4

- At all times herein mentioned, Defendant Sciala Associates, Inc. * * * was and is believed and alleged hereon to be a corporation duly organized and existing under the laws of another state, and operating within the jurisdiction of this Court.

- At all times herein mentioned, Defendant National Association of Postal Supervisors * * * was and is believed and alleged hereon to be a corporation duly organized and existing under the laws of another state, having its headquarters and principal offices in Alexandria, Virginia and operating within the jurisdiction of this Court.

[47] at ¶¶ 4–8. These allegations fail to properly allege the citizenship of Plaintiff and all four defendants for a number of reasons.

First, Plaintiff only alleges that she, Charles Sciala, and William Simpson were "resident[s]" of particular states: Illinois, New Jersey, and Pennsylvania, respectively. To invoke diversity jurisdiction, however, a natural person must be alleged to be a *citizen* of a state, not a *resident* of a state. *Meyerson*, 299 F.3d at 617 ("residence and citizenship are not synonyms and it is the latter that matters for purposes of the diversity jurisdiction"); see also *Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012) (an allegation of "residence" is deficient). Rather, the citizenship of an individual is determined by domicile, which is established by residence plus an intent to remain. *Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989); *Myrick v. WellPoint, Inc.*, 764 F.3d 662, 664 (7th Cir. 2014) ("Citizenship means domicile (the person's long term plan for a state of habitation) rather than just current residence."); *Heinen*, 671 F.3d at 670 ("residence may or may not demonstrate citizenship, which depends on domicile—that is to say, the state in which a person intends to live over the long run"); accord *Dakuras v. Edwards*, 312 F.3d 256, 258 (7th Cir. 2002). Documents attached to the second amended complaint do not fill the gaps in Plaintiff's jurisdictional allegations here, because they merely indicate that Charles Sciala may have maintained multiple business addresses within New Jersey over the years and that William Simpson maintained a business address in Pennsylvania during the MSPB appeal. Accordingly, Plaintiff must

5

investigate and allege the *citizenship* of these individuals (as well as allege her own citizenship) in order to proceed.

The second amended complaint also fails to indicate the citizenship of the two corporate defendants. For the purpose of determining citizenship, a corporation is a citizen of "any State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c); see also *Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010) ("the phrase 'principal place of business' refers to the place where the corporation's high level officers direct, control, and coordinate the corporation's activities").

Looking first at Scialla Associates, Plaintiff has failed to even attempt to allege the state(s) of this entity's citizenship. With regard to state of incorporation, Plaintiff alleges only that Scialla Associates "is believed and alleged hereon to be a corporation duly organized and existing under the laws of another state." This allegation is plainly inadequate; it tells the Court nothing about where Scialla Associates is incorporated. Is it a state other than the three already mentioned? Is it a state other than the one listed in the preceding paragraph—Pennsylvania? Is it a state other than Illinois? This allegation also is unacceptable because it is improperly based (at least in part) on information and belief. See, *e.g.*, *America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992) (allegations concerning a party's citizenship based only "on information and belief" are insufficient); *Plum, PBC v. Watershed Foods, LLC*, 2016 WL 9051167, at *1 (C.D. Ill. Jan. 6, 2016) ("Asserting jurisdiction on the basis of 'information and belief' is insufficient to invoke diversity jurisdiction."). Indeed, when alleging citizenship, Federal Rule of Civil Procedure 11 imposes a "duty of reasonable precomplaint inquiry not satisfied by rumor or hunch." See *Bankers Trust Co. v. Old Republic Ins. Co.*, 959 F.2d 677, 683 (7th Cir. 1992) (citations omitted); *Multi-M Int'l, Inc. v. Paige Med. Supply Co.*,

142 F.R.D. 150, 152 (N.D. Ill. 1992) (jurisdictional allegations made on information and belief must be ignored). In addition to these deficiencies, the second amended complaint is silent on the state where Scialla Associates maintains its principal place of business. Although later allegations in the second amended complaint indicate that at some point in time this entity had an address in Fairfield, New Jersey, the Court cannot conclude from this allegation alone that Scialla Associates is a citizen of New Jersey.

Looking next to NAPS, Plaintiff has done a slightly better, but still insufficient, job in alleging the citizenship of this entity. Plaintiff has alleged that NAPs maintains its "headquarters and principal offices" in Virginia. Yet with regard to state of incorporation, Plaintiff again inadequately alleges on belief that NAPS is organized under the laws of "another state."

In light of these deficient citizenship allegations, the Court cannot be satisfied that it has diversity jurisdiction over this matter. In order to proceed, Plaintiff must file a third amended complaint that identifies the citizenship of *all* named parties and demonstrates that no defendant is a citizen of the state in which she is a citizen. Plaintiff must make such allegations after a reasonable inquiry, perhaps into records maintained by certain secretaries of state or by way of conducting limited jurisdictional discovery if necessary.[2]

---

[2] As an additional matter, Plaintiff's third amended complaint must also put forth sufficient allegations to demonstrate that she meets the $75,000 amount-in-controversy requirement for diversity jurisdiction. In a case where the plaintiff seeks money damages, "[t]he amount in controversy is 'whatever is required to satisfy the plaintiff's demand, in full, on the date the suit begins.'" *Fulcrum Fin. Advisors, Ltd. v. BCI Aircraft Leasing, Inc.*, 354 F. Supp. 2d 817, 824 (N.D. Ill. 2005) (citation omitted). The plaintiff must make "a good faith claim in excess of $75,000.00 in order to create federal jurisdiction." *Id.* Plaintiff's second amended complaint alleges that Defendants' "breaches" caused her to lose her position with the Postal Service and that she has "sustained damages far in excess of the sum of $75,000." See [47] at ¶¶ 55–56. When the jurisdictional amount in controversy is uncontested, courts generally "accept the plaintiff's good faith allegation of the amount in controversy unless it 'appear[s] to a legal certainty that the claim is really for less than the jurisdictional amount.'" *McMillian v. Sheraton Chi. Hotel & Towers*, 567 F.3d 839, 844 (7th Cir. 2009) (quoting *Rexford Rand Corp. v. Ancel*, 58 F.3d 1215, 1218 (7th Cir. 1995)). Accordingly, absent challenge by Defendant or a showing of bad faith, the Court will accept Plaintiff's amount-in-controversy allegations. Defendants' motion to dismiss, however, argues that Plaintiff has failed to sufficiently allege damages in her second amended complaint. See [59] at 10–11.

As a final note, the Court reiterates its prior instructions to Plaintiff with regard to her claim(s) for breach of contract. A claim for breach of contract must "allege[] enough facts to put [a defendant] on fair notice of the 'contractual duty' it breached." *Peerless Network, Inc. v. MCI Commc'n Servs., Inc.*, 2015 WL 2455128, at *7 (N.D. Ill. May 21, 2015). Plaintiff's second amended complaint alleges that she entered into "written and oral agreements" with all Defendants "whereby Defendants would and did represent her on the appeal before the" MSPB. See [47] at ¶ 38. She further alleges that the written and oral agreements between her and NAPS, Charles Scialla, and Scialla Associates "reassured" her "that she was being represented by attorneys licensed to practice law." *Id*. at ¶ 39. Plaintiff has not attached any contracts or other relevant writings to her complaint.

The Court takes this opportunity to remind Plaintiff that she must allege facts that plausibly support the four elements of a breach of contract claim: "(1) the existence of a valid and enforceable contract; (2) substantial performance by the plaintiff; (3) a breach by the defendant; and (4) resultant damages." *Angelopoulos v. Keystone Orthopedic Specialists, S.C.*, 2016 WL 4945012, at *6 (N.D. Ill. Sept. 16, 2016) (internal citation and quotation marks omitted). In her third amended complaint, Plaintiff should identify with enough specificity to provide each of the four Defendants with fair notice of her breach of contract claim or claims: (a) the parties to each alleged contract; (b) whether the contract was oral or written; (c) when the contract was made; (d) the relevant terms of the contract; (e) how the contract was breached; and (f) how Plaintiff was damaged as a result. As it currently stands, Plaintiff's second amended complaint does not contain all of this information. Plaintiff is reminded that if she asserts the

---

Plaintiff therefore has notice of a challenge to the amount-in-controversy allegations as currently pled, and she potentially may encounter a similar challenge in a renewed motion to dismiss if these allegations remain unchanged in her third amended complaint. If challenged by Defendant in any appropriate manner, "[a] plaintiff is required to supply 'competent proof' of the amount in controversy." *Enbridge Pipelines (Illinois) L.L.C. v. Moore*, 633 F.3d 602, 605 (7th Cir. 2011) (quoting *McNutt*, 298 U.S. at 189).

existence of an oral contract or contracts, she ultimately bears the burden of proving "the terms of the agreement and the definite and certain nature of the terms." *Hegele v. Hegele*, 1998 WL 832659, at *3 (N.D. Ill. Nov. 17, 1998) (citing *In re Estate of Kern*, 142 Ill. App. 3d 506, 514 (1st Dist. 1986); *Panko v. Advanced Appliance Serv.*, 55 Ill. App. 3d 301, 310 (1st Dist. 1977)).

## IV. Conclusion

For the reasons explained above, the Court denies without prejudice Defendants' motion [57] to dismiss Plaintiff's second amended complaint. Plaintiff shall have until September 27, 2017 to file a third amended complaint containing sufficient jurisdictional allegations. Plaintiff is given leave to file a motion for jurisdictional discovery if she believes that such a motion is necessary to enable her to file a third amended complaint correcting the errors identified herein.

Dated: August 29, 2017

_____
Robert M. Dow, Jr.
United States District Judge