IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JEAN A. MONTGOMERY, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 15-cv-10840 |
| | ) | |
| v. | ) | Judge Robert M. Dow, Jr. |
| | ) | |
| CHARLES SCIALLA, WILLIAM SIMPSON, SCIALLA ASSOCIATES, INC., and NATIONAL ASSOCIATION OF POSTAL SUPERVISORS, | ) ) ) ) ) | |
| Defendants. | ) | |

## ORDER

Plaintiff Jean A. Montgomery ("Plaintiff"), a former postal service supervisor, brings suit against Defendants Charles Scialla ("Scialla"), William Simpson ("Simpson"), Scialla Associates, Inc. ("Scialla Associates"), and the National Association of Postal Supervisors ("NAPS") (collectively, "Defendants") to redress Defendants' alleged violation of a contract (or contracts) to provide legal representation to Plaintiff in her appeal before the Merit Systems Protection Board ("MSPB"). Plaintiff is currently on her fourth amended complaint ("FAC") [89]. Before the Court are Plaintiff's motion to compel answers to discovery requests and depositions of Defendants [86] and Defendants' motion to stay discovery and response to Plaintiff's motion to compel [90]. For the reasons explained below, both motions [86] and [90] are granted in part and denied in part. The Court will give the parties ninety days (until April 9, 2019) to engage in targeted written discovery. At the close of that period, Plaintiff can choose either to rest on her FAC or to seek leave to amend her complaint one final time, and Defendants can respond as they see appropriate. This case is set for status hearing on April 10, 2019 at 9:00 a.m. Defendant's duty to respond to the FAC is held in abeyance until further order of the Court.

## STATEMENT

A bit of background is necessary to understand the current posture of the case. In December 2015, Plaintiff filed her original *pro se* complaint [1]. In June 2016, Defendants filed a motion to dismiss for failure to state a claim [21]. In December 2016, the motion to dismiss was granted with leave to file an amended complaint. See [45], [46]. In January 2017, counsel appeared on behalf of Plaintiff and Plaintiff filed a second amended complaint. See [47], [48]. In August 2017, the Court ruled that the second amended complaint lacked sufficient jurisdictional allegations and granted Plaintiff leave to file a third amended complaint and to seek jurisdictional discovery as necessary. See [63]. In September 2017, Plaintiff filed a third amended complaint [64], which the Court dismissed in June 2018 [85].

In July 2018, Plaintiff filed the FAC [88]. Even before that complaint hit the docket, Plaintiff filed a motion to compel answers to discovery requests and to take depositions of Defendants. See [86]. Defendants responded to the motion to compel with a motion to stay pending ruling on their anticipated motion to dismiss the FAC. See [90].

A motion to dismiss does not automatically stay discovery. *SK Hand Tool Corp. v. Dresser Industries, Inc.*, 852 F.2d 936, 945 (7th Cir. 1988); *Drager v. Bridgeview Bank*, 2011 WL 2415244, at *9 n.10 (N.D. Ill. June 13, 2011). Indeed, the trend in this district—as reflected in our participation in the Mandatory Initial Discovery Pilot Project—is to permit (or even require) discovery at the outset of a case, although judges retain discretion to order otherwise even in cases subject to the Pilot. As the Court previously noted, even when discovery is allowed while a motion to dismiss is pending, it is not to be used as a "fishing expedition" that is "based on nothing more than mere speculation." [85] at 4. Here, as the Court pointed out in its most recent order, discovery has not been stayed at any point in this litigation. *Id*. Unbeknownst to the Court, however, the parties had agreed through e-mail correspondence to postpone discovery until after a ruling on the motion to dismiss the third amended complaint. See [90-3]. Once the Court ruled, Plaintiff sought answers to its previously served written discovery and inquired about scheduling depositions. Defendant, construing the prior agreement to confer "after we have finally resolved the motion to dismiss" to extend to any subsequent attempt to state a claim beyond the (now-dismissed) TAC, interposed an objection and the motion to stay. See [90].

This impasse presents a conundrum. The Court's three prior opinions [46, 63, 85] identified flaws in the various iterations of Plaintiff's complaint. Plaintiff is seeking discovery to take her best shot at preparing a complaint that can satisfy Rule 8 and cure the deficiencies noted in the Court's prior opinions. Defendants are understandably frustrated by the pace of the litigation and seek to avoid the potential costs of full-blown written and oral discovery.

It would be odd for the Court to stay discovery now, after not staying it during the pendency of three prior iterations of the complaint and three motions to dismiss. Yet, the 2015 rules amendments provide that discovery is to be "proportional to the needs of the case," see Fed. R. Civ. P. 26(b)(1), *Leibovitch v. Islamic Republic of Iran*, 297 F. Supp. 3d 816, 834 (N.D. Ill. 2018)—and the needs of this case at the moment are to determine whether Plaintiff can file a viable complaint, as this may be her last opportunity to try. The Court will therefore allow Plaintiff 90 days to engage in targeted written discovery aimed as satisfying the notice pleading standards of Rule 8 and *Twombly/Iqbal*, but will bar detailed written discovery as well as any oral discovery absent a showing by Plaintiff of a compelling need for the information at this stage of the case.

## **CONCLUSION**

For these reasons, Plaintiff's motion to compel answers to discovery requests and depositions of Defendants [86] and Defendants' motion to stay discovery and response to Plaintiff's motion to compel [90] are both granted in part and denied in part. The Court will give the parties ninety days (until April 9, 2019) to engage in targeted written discovery. At the close of that period, Plaintiff can choose either to rest on her FAC or to seek leave to amend her complaint one final time, and Defendants can respond as they see appropriate. This case is set for

status hearing on April 10, 2019 at 9:00 a.m. Defendant's duty to respond to the FAC is held in abeyance until further notice.

Dated: January 9, 2019

_____
Robert M. Dow, Jr.
United States District Judge