IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JEAN A. MONTGOMERY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 1:15-cv-10840 |
| vs. | ) | |
| | ) | |
| CHARLES SCIALLA, | ) | Honorable Robert M. Dow, Jr., |
| WILLIAM SIMPSON, | ) | Judge Presiding |
| SCIALLA ASSOCIATES, INC., and | ) | |
| NATIONAL ASSOCIATION OF | ) | Honorable Sheila Finnegan, |
| POSTAL SUPERVISORS, | ) | Magistrate Judge |
| | ) | |
| Defendants. | ) | JURY DEMANDED |

PLAINTIFF'S RESPONSE TO
DEFENDANTS' MOTION FOR ORDER
LIMITING PLAINTIFF'S DISCOVERY REQUESTS

Now comes the plaintiff, Jean A. Montgomery, by and through her attorney John P. DeRose of John P. DeRose & Associates and in response to the Motion for an Order Limiting Plaintiff's Discovery Requests[1] filed by Defendants National Association of Postal Supervisors, Scialla Associates, Inc., Charles Scialla, and William Simpson (collectively, "Defendants"), states as follows:

I. INTRODUCTION

On June 9, 2019, this Honorable Court entered an Order[2] indicating as follows:

> The Court will give the parties ninety days (until April 9, 2019) to engage in targeted written discovery. At the close

---

[1] Document #: 100.
[2] Document #: 98.

>of that period, Plaintiff can choose either to rest on her
>FAC or to seek leave to amend her complaint one final
>time, and Defendants can respond as they see
>appropriate.

First, defendants' reliance on *DSM Desotech Inc. v. 3D Systems Corporation*, 2008 WL 4812440 is not well placed. If they were citing it to support the Court's right to limit the scope of discovery or control its sequence in order to "protect the party or person from annoyance, embarrassment, oppression, or undue burden of expense", no one--and particularly not plaintiff's counsel--ever disputed this Honorable Court's right to do so.

The *DSM Desotech* case is quite distinguishable from the current cause. In *DSM Desotech*, Her Honor, Judge Lefkow was dealing with a federal antitrust case in which discovery may quickly become voluminous, especially burdensome, and costly for the parties. That is not the situation confronting defendants in answering the limited and targeted discovery in the instant cause. A voluminous number of documents are not sought, an enormous amount of time will not be required to answer the Requests to Admit and discovery requests by each defendant, and no great expense should be incurred in answering the limited and targeted discovery requests.

### A. MONTGOMERY SEEKING INFORMATION THAT IS MORE THAN JUST LABELS AND CONCLUSIONS

As Montgomery's counsel understands the Court's Order allowing for targeted written discovery and as the court clearly indicated, "the needs of this case

at the moment are to determine whether Plaintiff can file a viable complaint, as this may be her last opportunity to try". (Doc. #98, p. 2).

In *Bell Atlantic Corp., v. Twombly*, 550 U.S. 544, 555-6, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), Justice Souter noted:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact). Internal citations omitted.
>
> In applying these general standards…, we hold that stating such a claim requires a complaint with enough factual matter (taken as true) to suggest that an agreement was made. Asking for plausible grounds to infer an agreement does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal agreement. Footnote omitted.

In Defendants' Motion for Order Limiting Plaintiff's Discovery Requests, counsel acknowledges the requirement on Montgomery in drafting a viable complaint[3]:

> The notice pleading requirement of Rule 8 and its progeny require that a plaintiff provide grounds of her entitlement to relief by requiring "more than just labels and conclusions … a formulaic recitation of an action's elements will not do." *Bell Atlantic Corp., v. Twombly*, 550 U.S. 544, 545 (2007).

---

[3] Document #: 100, p. 5.

The targeted discovery requests are specifically limited to the actions taken and role played by each defendant in representing Montgomery before Merit Systems Protection Board.

## II. SEPARATE WRITTEN DISCOVERY REQUESTS FOR EACH DEFENDANT WAS THE AGREED-UPON PROCEDURE

Counsel for the defendants correctly advises the Court that the parties conferred on February 2, 2019 and again on February 8, 2019 after Montgomery filed her First Revised Set of Interrogatories and First Revised Request For Production Of Documents. It was agreed during those conversations that Montgomery would make separately tailored discovery requests for each defendant since the knowledge of and role played by each in this litigation is somewhat different than the knowledge and part played by the other defendants. Now, however, defendants add up all the individual discovery requests and complain:

> Plaintiff's issuance of more than 200 discovery overbroad requests seeking "any and all" information related to various aspects of her hearing before the Merit Systems Protection Board are not only vexatious but are in no way "targeted," "limited" or otherwise related to whether Plaintiff can state a viable breach of contract claim against Defendants.[4]

Montgomery has deliberately fashioned her discovery requests to learn information that she would be able include in any amendment to her Fourth Amended Complaint that is not just labels and conclusions. For example, the Requests to Admit separately created for each individual defendant can be simply answered and

---

[4] Defendants' Motion for Order Limiting Plaintiff's Discovery Requests, p. 5.

take into consideration the statements and exhibits offered and/or admitted into evidence at the Removal Hearing. Montgomery will be tendering to defendants in answer to their Discovery Requests a copy of the Transcript of Proceedings of the Removal Hearing which she obtained from the United States Merit Systems Protection Board in Washington DC and in which she was represented by William Simpson.

### B. NOT UNDULY BURDENSOME OR EXPENSIVE TO ANSWER

Montgomery has not sought voluminous documentation which, of course, defendants have already advised Montgomery's counsel they do not have. If true, to simply make that assertion in answer to Montgomery's Discovery Requests should not be unduly burdensome or time-consuming on defendants. And, of course Montgomery is seeking any documents the defendants they have reflecting their understanding or description of the circumstances under which they were providing representation of her before the United States of America Merit Systems Protection Board. Such documents would be referred in a final draft of the complaint Montgomery proposes to bring forwarding this case.

### B. TARGETED WRITTEN DISCOVERY PROPOSED BY PLAINTIFF

Contrary to the assertions generally made by defendants throughout their Motion seeking an Order to limit the discovery plaintiff has requested, the requests made are very specifically targeted to determine:

a. Whether Charles Scialla and/or William Simpson are attorneys licensed to practice law, ever attended law school, and have any law school training;

b. Charles Scialla and/or William Simpson ever made statements holding themselves out as attorneys licensed to practice law;

c. Whether Charles Scialla and/or William Simpson ever advised the Administrative Law Judges of the Merit Systems Protection Board that they are not attorneys licensed to practice law in any jurisdiction;

d. Whether William Simpson and/or Charles Scalia ever tried to contact or interview any of the witnesses and potential witnesses identified in paragraphs 66 through 68 of Plaintiff's Fourth Amended Complaint; and

e. What writings the National Association of Postal Supervisors, Scalia Associates Inc., William Simpson, and/or Charles Scalia have describing or setting forth the terms and conditions under which Jean Montgomery was represented before the Merit Systems Protection Board at her Removal Hearing.

## A. NOT JUST A FISHING EXPEDITION

In the Requests to Admit, the information sought about the "30 potential witnesses" Montgomery attempts to ascertain whether William Simpson, and/or Charles Scalia ever attempted to contact or interview a single person in the course of representing her. The targeted potential witnesses about which Montgomery seeks information are less than the List oof 43 individuals she advised William Simpson ought to be interviewed because they had information relevant to Montgomery's removal.[5]

---

[5] See the List captioned "Bill each of the individuals listed below would have valid information relating to my removal." Attached hereto and made a part hereof as Exhibit "A".

Montgomery contends that her defense by William Simpson was virtually nonexistent. As alleged in the Fourth Amended Complaint, ¶ 66, Simpson failed to call any witnesses in Montgomery's behalf. As further alleged in the Fourth Amended Complaint, ¶ 67, William Simpson indicated that he had no exhibits to present in the case. By comparison, Montgomery was able to gather on her own sworn affidavits and statements from many of those 30 potential witnesses seriously disputing the allegations against her at the Removal Hearing.

Montgomery contends in the Fourth Amended Complaint that William Simpson and Charles Scalia are not attorneys licensed to practice law in any jurisdiction. Fourth Amended Complaint, ¶ 50. Targeted Requests to Admit to William Simpson and Charles Scalia asking them to admit that they are not licensed attorneys and have never attended law school can be simply answered and bear directly on the complaint in this case.

Montgomery contends William Simpson told her he had often appeared before Stephen E. Manrose, the Administrative Law Judge of the Merit Systems Protection Board who presided over her Removal Hearing and he knew the ALJ well. If the Administrative Law Judge knew that William Simpson was not a licensed attorney, he had a duty to advise Montgomery at the commencement of the Removal Hearing that she had a right to be represented by an attorney and the benefits to having an attorney represent her. Montgomery makes the claim that she was never advised at the commencement of her Removal Hearing that William Simpson was not an attorney. Fourth Amended Complaint, ¶¶ 56 to 58.

The Seventh Circuit has made clear that the statutory right to be represented by an attorney at an administrative law proceeding can be intelligently waived, but only after the ALJ explains "the manner in which an attorney can aid in the proceedings". In *Binion v. Shalala*, 13 F.3d 243, 245 (1994), Judge Leinenweber sitting by designation found the plaintiff had not been properly informed of the statutory right to counsel at the hearing and the waiver of that right was invalid. See also *Thompson v. Sullivan*, 933 F.2d 581, 584 (7th Cir.1991)(A claimant may waive his right to counsel provided he is "given sufficient information to enable him to intelligently decide whether to retain counsel or proceed *pro se*.")

In *Beth v. Astrue*, 494 F.Supp.2d 979, 1001 (2007), District Court Judge Adelman noted:

> [D]istrict courts in this circuit have concluded that "the ALJ cannot presume a waiver of the right to counsel simply because the claimant appears with a non-attorney representative." *Koschnitzke v. Barnhart*, 293 F.Supp.2d 943, 947 (E.D.Wis.2003) (citing *Meroki v. Halter*, No. 00–C–2696, 2001 WL 668951, 2001 U.S. Dist. LEXIS 8479 (N.D.Ill. June 14, 2001); *Oyen v. Shalala*, 865 F.Supp. 497, 508 (N.D.Ill.1994)). When the claimant appears without a lawyer, the "ALJ must still follow *Binion*." *Id.*; see also *Gilbert v. Secretary of Health & Human Servs.*, No. 3:95–cv–64RP, 1995 WL 646328, *12, 1995 U.S. Dist. LEXIS 16387, at *34–35 (N.D.Ind. Sept. 1, 1995) (finding waiver invalid where the claimant appeared with a union representative and the ALJ failed to explain the manner in which an attorney could aid in the proceedings).

Montgomery contends that she always believed that Simpson and Scialla are attorneys licensed to practice law and was not alerted by the Administrative Law

Judge that she was not being represented by a nonattorney at the hearing and what the benefits of having an attorney represent her would have been.

WHEREFORE, plaintiff prays this Honorable Court to order the defendants to answer the discovery specifically targeted to each one of them concerning the knowledge they imparted to Montgomery concerning the representation of her before the Merit Systems Protection Board at her Removal Hearing.

Respectfully submitted,

/s/ John P. DeRose
John P. DeRose

## CERTIFICATE OF SERVICE

TO:

Robert Palmersheim
Anand C. Matthew
Julie M. Mallen
Palmersheim & Matthew
401 North Franklin St.
Suite 4S
Chicago, Illinois 60654
rjp@thepmlawfirm.com
acm@thepmlawfirm.com
jmm@thepmlawfirm.com

The undersigned on oath states that this Plaintiff's Response to Defendants' Motion Seeking Order Limiting Discovery was served by electronically filing the same using the Court's Electronic Filing System and by emailing a copy to the above-named attorneys of record on March 10, 2019.

S/ John P. DeRose
John P. DeRose

John P. DeRose & Associates
615 N. York Road
Hinsdale Illinois 60521
(630) 920-1111 office
(630) 920-1170 fax
john@johnderoselaw.com