**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| JEAN A. MONTGOMERY, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 15-cv-10840 |
| ) | |
| CHARLES SCIALLA, WILLIAM ) | Honorable Robert M. Dow, Jr. |
| SIMPSON, SCIALLA ASSOCIATES, INC., ) | |
| and NATIONAL ASSOCIATION OF ) | |
| POSTAL SUPERVISORS, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION**
**FOR ORDER LIMITING PLAINTIFF'S DISCOVERY REQUESTS**

Defendants National Association of Postal Supervisors ("NAPS"), Scialla Associates,

Inc. ("Scialla Associates"), Charles Scialla ("Scialla"), and William Simpson ("Simpson")

(collectively, "Defendants"), submit this Reply in support of their Motion for Order Limiting

Plaintiff's Discovery Requests (Dkt. 100) ("Motion").[1]

## I.    INTRODUCTION

This Court has repeatedly advised Plaintiff that the only claim she can attempt to allege

against Defendants is one for simple breach of contract.  After three years of litigation, however,

Plaintiff has not—and cannot—adequately plead such a claim nor has she been able to allege the

mere existence of the contract she claims was breached.  In allowing the parties to engage in

targeted discovery, the Court directed that any discovery at this stage be limited to Plaintiff's

ability to state a viable breach of contract claim, and further warned that discovery is not to be

used as a fishing expedition.

---

[1] Unless otherwise stated, all capitalized terms herein shall be defined as set forth in the Motion.

Ignoring that warning, Plaintiff attempts to engage Defendants in full-blown discovery on the merits through the issuance of more than 200 discovery requests that Plaintiff claims, without any support or explanation whatsoever, are targeted and limited.  In Plaintiff's Response to Defendants' Motion for Order Limiting Plaintiff's Discovery Requests (Dkt. 103) ("Response" or "Resp. at __"), Plaintiff reiterates various allegations of her Fourth Amended Complaint and concedes that responses to her Discovery Requests relate to the merits of such allegations, and not to her ability to state a claim against Defendants.  Plaintiff's Response further attempts to circumvent this Court's directive by claiming her Discovery Requests should be answered because they do not impose an undue burden and Defendants will not incur significant costs in doing so.  Because Plaintiff's Discovery Requests are in direct contradiction of this Court's Order permitting targeting discovery relating to Plaintiff's potential breach of contract claim, Defendants' Motion should be granted, and Plaintiff should be required to comply with the Order.

## II.   PLAINTIFF CONCEDES THAT THE DISCOVERY REQUESTS EXCEED THE SCOPE OF THE ORDER.

In Plaintiff's Response, she continuously references various allegations of her Fourth Amended Complaint and she summarizes what she determines to be the five categories of information being sought by the Discovery Requests.  (Resp. at 5-9.)  In summarizing the categories of information sought, Plaintiff concedes that the majority of her Discovery Requests seek information related to her representation before the Merit Systems Protection Board (e.g., the ability of Simpson and Scialla to practice law, steps taken by Simpson during his representation of Plaintiff) and not to the elements of a breach of contract claim.  Indeed, only one category seeks information relating to the terms and conditions of an alleged contract.  The remaining four categories assume the existence of a contract entitling Plaintiff to legal

representation and seek to obtain information relating to such legal representation, which amounts to full-blown, merit-based discovery despite Plaintiff's continued inability to state a claim.

As this Court has previously advised, Plaintiff is only permitted to file a complaint "for state-law breach of contact only." (Dkt. 46 at 1.) The Court further sets out the elements of a breach of contract claim and instructed Plaintiff that she needs to identify each of the following: "(a) the parties to each alleged contract; (b) whether the contract was oral or written; (c) when the contract was made; (d) the specific relevant terms of the contract; (e) how the contract was breached; and (f) how Plaintiff was damaged as a result of the breach." (*Id*. at 1-2, 13-14.) Accordingly, when the Court ordered that any discovery be "targeted to plaintiff's ability to state a viable claim," it mandated that any discovery requests should be limited to requests aimed at seeking information related to those elements. Plaintiff has not presented any support as to how information related to potential witnesses or how the ability of Simpson and Scialla to practice law pertains to a breach of contract claim. Indeed, Plaintiff concedes her "targeted" discovery requests seek information related to the "role played by each defendant in representing Montgomery before the Merit Systems Protection Board." (Resp. at 4). Because Plaintiff has failed to support how her Discovery Requests relate to her ability to bring a claim, Defendants' Motion should be granted, and Plaintiff should be required to comply with the Order by issuing discovery requests aimed at satisfying the elements of a breach of contract claim.

### III.   PLAINTIFF'S ASSERTION THAT HER DISCOVERY REQUESTS ARE NOT BURDENSOME OR OVERLY BOARD IS IRRELEVANT IN LIGHT OF THE COURT'S ORDER.

Plaintiff attempts to circumvent the parameters of the Order limiting discovery by suggesting that Defendants should be required to respond to all Discovery Requests because

doing so would not impose an undue burden on Defendants. In attempting to justify her unlimited and untargeted Document Requests, Plaintiff asserts that "voluminous number of documents are not sought, an enormous amount of time will not be required to answer the [Document Requests], and no great expense should be incurred." (Resp. at 2, *see also* Resp. at 5.) Not only is this conclusion inaccurate, but such conclusion is wholly irrelevant in light of the Court's Order permitting only targeted discovery.

In ordering that discovery be aimed at satisfying the notice pleading requirements of Rule 8, the Court recognized Defendants' legitimate concern in avoiding costs associated with potentially unnecessary discovery due to Plaintiff's inability to state a claim after several years. The Order bars discovery unrelated to a breach of contract claim and further acknowledges that Defendants will not be required to engage in discovery—and incur any costs or spend any time, despite how minimal—outside of discovery pertaining to such a claim. By its very nature, the Order contemplated the potential that discovery might be sought related to matters outside of Plaintiff's ability to satisfy her pleading burden. That is, in limiting discovery, the Court recognized that any discovery request unrelated to the elements of a breach of contract claim would be overbroad and unduly burdensome, and the volume of documents, time spent, or cost incurred in responding is, therefore, immaterial. Defendants should not be required to spend any time or incur any cost associated with responding to Plaintiff's Discovery Requests that are not targeted in compliance with the Order.[2]

---

[2] Moreover, the sheer number of Discovery Requests undermines Plaintiff's position that they are not overbroad and burdensome, and responding to them would not be time consuming and expensive. Plaintiff is correct that the parties agreed it would be best for Plaintiff to serve separate discovery requests on each of the four-named Defendants. However, when those conversations occurred, Plaintiff had proposed a total of 12 document requests and 18 interrogatories, a number of which Defendants objected to as being outside of the scope of the Order, and Plaintiff agreed to re-evaluate those requests and consider further limitations. At no

IV.    **CONCLUSION**

WHEREFORE, Defendants respectfully request that this Court enter an Order: (a) granting their Motion for Order Limiting Plaintiff's Discovery Requests; (b) at a minimum, striking the following Discovery Requests that were identified in Defendant's Motion: Interrogatories to Defendant National Association of Postal Supervisors, Nos. 10-13; Interrogatories to Defendant Williams Simpson, Nos. 13-18; Interrogatories to Defendant Scialla Associates, Nos. 11-15;  Interrogatories to Defendant Charles Scialla, Nos. 14-20; Requests to Admit to Defendants Simpson Nos. 12-47; and Request to Admit to Defendant Charles Scialla, Nos. 22-27;[3] (c) requiring Plaintiff to limit her Discovery Requests in compliance with this Court's January 9, 2019 order; and (d) granting Defendants such other and further relief as is appropriate.

Dated: March 18, 2019                           /s/ *Julie M. Mallen*_____
                                                One of the attorneys for Defendants

Robert J. Palmersheim
Anand C. Mathew
Julie M. Mallen
PALMERSHEIM & MATHEW LLP
401 North Franklin Street, Suite 4S
Chicago, Illinois 60654
Tel: 312.319.1791
*rjp@thepmlawfirm.com*
*acm@thepmlawfirm.com*
*jmm@thepmlawfirm.com*

---

time prior to the issuance of her Discovery Requests did Plaintiff propose issuing any Requests to Admit, yet alone almost 100 Requests to Admit.

[3] By not specifically identifying additional Discovery Requests in the Motion or this reply, Defendants are not waiving any objection they may have to a request.

## <u>CERTIFICATE OF SERVICE</u>

I, Julie M. Mallen, an attorney, hereby certify that the foregoing **Defendants' Reply in Support of Its Motion for Order Limiting Plaintiff's Discovery Requests** was filed electronically with the Clerk of the Court using the CM/ECF System, which will automatically provide electronic notice upon all counsel of record, on the 18th day of March 2019.

<span style="padding-left:40%">/s/ *Julie M. Mallen*        </span>